IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| MARCOS DANIEL SULLA HUAYNA <br> 3770 Bel Pre Road <br> Silver Spring, Maryland <br><br> PLAINTIFF, <br><br> v. <br><br> BEEREN & BARRY INVESTMENTS, LLC <br> 11654 Plaza America Drive, Suite 653 <br> Reston, Virginia 20190 <br><br> SERVE: Chris Beatley <br> 221 S. Fayette Street <br> Alexandria, Virginia 22314 <br><br> DEFENDANT | Case No: 1:16-CV-908-TSE/JFA |

FILED JUL 15 2016 CLERK, U.S. DISTRICT COURT ALEXANDRIA, VIRGINIA

## COMPLAINT

Plaintiff Marcos Daniel Sulla Huayna ("Plaintiff"), by and through undersigned counsel, hereby submits Complaint against Defendant Beeren & Barry Investments, LLC ("Defendant"), to recover unpaid wages, liquidated damages, reasonable attorney's fees and costs under Section 16(b) of the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* (hereinafter "FLSA").

### PARTIES AND JURISDICTION

1. Plaintiff is an adult resident of the State of Maryland and by acting as named plaintiff in this action does hereby affirm his consent to participate as a plaintiff in an action under the FLSA.

2. Defendant is a limited liability company formed under the laws of the Commonwealth of Virginia with a primary office location located in Fairfax County, Virginia.

3. At all times relevant to this action, Defendant had gross annual revenues exceeding $500,000.00.

4. At all times, Defendant operated across state lines, used in business operations materials that originated from outside the Commonwealth of Virginia, and otherwise engaged in interstate commerce such that Defendant qualified as an enterprise within the meaning of the FLSA.

## FACTS

5. Plaintiff were employed by Defendant to perform remodeling and related construction and laborer work duties in Virginia and surrounding states for the time period of about January 2011 through about March 15, 2015.

6. At all times, Defendant controlled all aspects of Plaintiff's work duties, told Plaintiff exactly what work duties to perform, supervised Plaintiff's work, retained the ability to discipline and ultimately terminate Plaintiff's employment, enforced general employment rules and procedures, provided Plaintiff with work materials, and set Plaintiff's pay and schedule such that Plaintiff was not able to come and go when Plaintiff wished but rather could only commence and conclude employment work duties at the direction of Defendant.

7. At all times, Defendant set Plaintiff's rate and method of pay at a pre-set hourly rate. As such, Plaintiff had no ability or opportunity to earn additional profit or income by working more efficiently or earn more income if Defendant was operating more profitably.

8. At all times, all major equipment necessary for Plaintiff to perform job employment duties (like a paint machine) was supplied by Defendant at Defendant's expense. Plaintiff made no financial investment in equipment or materials belonging to Defendant that he used to perform employment duties for Defendant's benefit.

9. The remodeling and related construction and laborer duties Plaintiff performed for Defendant did not require any special level of education or advanced degree or certificate.

10. Plaintiff did not perform sparse, inconsistent, or ad hoc work for Defendant. Rather, Plaintiff was employed full time and continuously by Defendant for a period of many years for which Defendant paid Plaintiff at a pre-set regular hourly regular hourly rate on pre-set pay dates.

11. At all times, Plaintiff performed remodeling and construction and laborer related job duties that served as an integral role in Defendant's business operation.

12. Based on the economic realities of Plaintiff's employment relationship with Defendant, at all times, Plaintiff was an employee under the FLSA and was never an independent contractor.

13. At all times, Defendant paid Plaintiff on an hourly basis. For the time period of about January 2011 through about June 2013, Defendant paid Plaintiff at the rate of about $13.00 per hour. Thereafter, from about July 2013 through about March 15, 2015, Defendant paid Plaintiff at the rate of about $15.00 per hour.

14. During Plaintiff's employment, Plaintiff's exact hours worked varied slightly from week to week.

15. During Plaintiff's employment, Plaintiff regularly worked more than forty (40) hours per week.

16. During Plaintiff's employment, Plaintiff often worked more than fifty (50) hours per week.

17. During Plaintiff's employment, Plaintiff occasionally worked more than sixty (60) hours per week.

18. At all times, Defendant had actual knowledge of all hours Plaintiff worked and directed Plaintiff to work all hours herein alleged.

19. At no time during Plaintiff's employment did Defendant pay Plaintiff at the rate of one-and-one half (1½) times Plaintiff's regular rate of pay for overtime hours worked each week in excess of forty (40).

20. At no time did Plaintiff did not perform work duties that meets the definition of exempt work under the FLSA.

21. At no time during Plaintiff's employment did Defendant believe that Plaintiff performed work duties the meet the definition of exempt work under the FLSA.

22. At all times during Plaintiff's employment, Defendant had actual knowledge that Federal law required that Plaintiff must have been paid at the rate of one-and-one half (1½) times Plaintiff's regular rate of pay for overtime hours worked each week in excess of forty (40).

23. At all times, Defendant had actual knowledge that the rate and method by which Defendant paid Plaintiff (or failed to pay Plaintiff) for overtime hours was in direct violation of Federal law.

24. At all times, Defendant (1) misclassified Plaintiff as a contractor; (2) told Plaintiff he was not entitled to overtime wages under Federal law; and (3) did not post in a prominent place at Defendant's business a notice of Plaintiff's Federal overtime wage rights or any means to enforce these rights. As such, Plaintiff's claims alleged herein must be tolled for the entirety of Plaintiff's period of employment entitling Plaintiff to a recovery in this action of unpaid wages in the approximate amount of $15,125.00 calculated as follows:

| Time Period | Total Recovery Weeks | Regular Hourly Rate | Hours Worked Per Week | Overtime Hours Worked Per Week | Rate Required for Overtime | "Half Time" Owed Per Overtime Hour | Wages Owed Per Week | Wages Owed for Time Period |
|---|---|---|---|---|---|---|---|---|
| January 2011 - June 2013 | 130 | $13.00 | 50 | 10 | $19.50 | $6.50 | $65.00 | $8,450.00 |
| July 2013 - March 15, 2015 | 89 | $15.00 | 50 | 10 | $22.50 | $7.50 | $75.00 | $6,675.00 |
| | | | | | | | TOTAL UNPAID WAGES | $15,125.00 |

## CAUSE OF ACTION
### (Violation of Federal Fair Labor Standards Act - Overtime)

25. Plaintiff re-alleges and reasserts each and every allegation set forth above as if each were set forth herein.

26. Section 207(a)(1) of the FLSA provides that "no employer shall employ any of his employees...for a workweek longer than forty (40) hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one-and-one-half (1½) times the regular rate at which he is employed."

27. As set forth above, while in Defendant's employ, Plaintiff regularly and customarily worked overtime in excess of forty (40) hours per week.

5

28. As set forth above, while in Defendant's employ, Defendant failed to compensate Plaintiff at the FLSA required overtime rate equal to one-and-one-half (1½) times Plaintiff's regularly hourly rate for all overtime hours worked each week.

29. Defendant's failure to pay Plaintiff as required by the FLSA was willful and intentional, and was not in good faith.

WHEREFORE, Defendant is liable to Plaintiff for all unpaid overtime wages in such an amount as is proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post- judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

Respectfully submitted,

Gregg C. Greenberg, Bar No. 79610
Zipin, Amster & Greenberg, LLC
8575 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
Phone: 301-587-9373
Fax:    301-587-9397
Email: ggreenberg@zagfirm.com

*Counsel for Plaintiff*